**Daryl BARNES; Demeatrice Goff, Plaintiffs–Appellants**

v.

**Jacqueline ALEXANDER; City of Humble; Humble Police Department; Colony of Humble Apartments; Arthur Mouton; Nancy Jones–Rubio; Catisha Mikel, Defendants–Appellees.**

No. 11–20527
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 27, 2012.

Daryl Barnes, Humble, TX, pro se.

Demeatrice Goff, Humble, TX, pro se.

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM: *

Daryl Barnes and Demeatrice Goff appeal the dismissal of this suit against the City of Humble and several officers as well as other persons. This circuit court has read the 73 page brief and the entire file of the case. We read here many complaints about official and unofficial mistreatment, troubling to the reader if only because of how the appellants see and feel about

---

these events and their difficulties. However, this court is unable to help the appellants because we can only do so when the law allows it.

It must be understood that federal courts have very limited jurisdiction, that is the legal authority to act. In this case, some of the complaints are for injuries and against defendants that can only justify lawsuits in state court. And no federal claim can be made against a city unless it shows that the governing body of the city has adopted a policy that is directly responsible for the deprivation of a constitutional right. That does not appear in this file. Finally, as the district court has said, the plaintiff must plead enough to set out how plausible is the right to a legal remedy. A mere arrest, even though the arrested person is actually innocent, would not support a claim without an allegation of how the officer was without good cause to make the arrest. The pleading must state objectively the reason for the lack of good cause, more than the belief of the plaintiff.

One more problem these appellants have. They make so many complaints it interferes with the search for some claim over which the court has authority and which will justify further procedure.

This court therefore must affirm the district court's judgment. AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.